UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES            )
                         )
vs.                      )          NO. 05-30032
                         )
LUIS RIVERA              )

**REQUEST FOR HEARING ON
CONSTITUTIONALITY OF PRIOR CONVICTION**

Now comes the defendant and respectfully requests this Honorable Court conduct a Hearing on the constitutionality of a prior conviction raised in the Presentence Report. The defendant asserts a prior Florida conviction has caused his Criminal History to go beyond what is allowed for "Safety Valve" application. The defendant asserts he has a due process right to challenge the constitutionality of the conviction.

The defendant acknowledges in Federal sentencing proceedings when guidelines are calculated adverse to the defendant's position, there is, generally, no right to make a collateral attack on a prior state conviction. Custis v. United States, 511 U.S. 485 (1994). However, there are some circumstances in which the defendant is allowed to make a collateral attack relative to state convictions; the circumstance would include a conviction obtained in violation of the defendant's right to counsel. Custis *supra*, as stated in U.S. v. Tolase-Cousins, 440 F.3rd 1237, 1246 (10th Cir. 2006) "Whether or not we are enhancing a sentence based on a conviction or determining on the basis of that prior conviction that a defendant is not eligible for "safety valve" reduction, the principle concern is whether the prior conviction being used against him is accurate and reliable..."

The defendant specifically and more directly requests the ability to challenge the constitutionality of his prior convictions on the issue of voluntariness of the plea and effectiveness of counsel. The effectiveness of counsel may go directly to a finding that he did not have the advantage of representation at the prior conviction. The defendant acknowledges the present state of the law allows him to challenge prior convictions in the State courts and then reopen Federal sentencing proceedings if successful in those State court challenges. Custis *supra*, United States v. Pettiford, 101 F.3rd 199 (1st Cir. 1996). However, the defendant believes his situation should allow for the challenge to constitutionality in the Federal court as he has no right

under Florida law to challenge the prior (2002) conviction which is causing his elevated Criminal History. Under the Florida Rules of Criminal Procedure 3.850 (b) any motion to vacate the sentence for this prior conviction would have to be filed within 2 years of the judgement. (See attachment "A" Florida Rules Criminal Procedure). In contrast, the Massachusetts Rules of Criminal Procedure, Rule 30(b), a Motion to Withdraw or Motion for New Trial, may be raised "at any time if it appears that justice may not have been done." (See attachment "B")

The restrictive nature of the Florida law, regarding the Withdrawal of Plea, operates to deny the defendant his due process rights of protecting himself from harm and prejudice by application of a sentence which may be found to be constitutionally invalid.

The defendant asserts he has been provided with information in the Presentence Report that the underlying conviction was gained as the result of the police in Florida stopping the defendant when he was riding a bicycle. It is indicated the police finished their interaction regarding the purpose of stopping the defendant and the defendant asked if he could leave. It is further reported the officers involved in the stop then questioned the defendant regarding his possession of any knives or drugs. The defendant asserts from the limited information available, there are obvious search and seizure issues to be raised as the result of the defendant's interaction with the police and the extent of the stop. The defendant should be given the opportunity and a forum to explore and raise constitutionally based issues which would also include the voluntariness of the plea under the circumstances, and the effectiveness of counsel on the Suppression issues.

Respectfully submitted,

THE DEFENDANT


BY: /s/ Mark G. Mastroianni
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO# 556084


CERTIFICATE OF SERVICE

I, Mark G. Mastroianni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to AUSA Paul Smyth, US Attorney's Office, 1550 Main Street, Springfield, MA 01103 this 6th day of October 2006.

/s/ Mark G. Mastroianni

**MINAL PROCEDURE**

record on appeal. Deter v.
353 So.2d 614 (1977).

s were advised by court, on
February 17 hearing would
comply with February 10
servation and production of
ilms on February 12, failing
defendant's motion to dis-
er and rule to show cause
theory that court never set
of conduct alleged to have
and did not allege whether
t or indirect. Little Beaver
ate ex rel. Gerstein, App. 3
7 (1972).

# XVII.  POSTCONVICTION RELIEF

### Rule 3.850.    Motion to Vacate, Set Aside, or Correct Sentence

(a) **Grounds for Motion.** A person convicted and sentenced, whether noncustodial or in custody under sentence of a court established by the laws of Florida, claiming the right to be relieved of judgment or released from custody on the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or laws of the United States or of the State of Florida, that the court was without jurisdiction to enter the judgment or to impose the sentence, that the sentence was in excess of the maximum authorized by law, that the plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack may move, in the court that entered the judgment or imposed the sentence to vacate, set aside, or correct the judgment or sentence.

(b) **Time Limitations.** A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that

(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or

(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, or

(3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.

(c) **Contents of Motion.** The motion shall be under oath and include:

(1) the judgment or sentence under attack and the court which rendered the same;

(2) whether there was an appeal from the judgment or sentence and the disposition thereof;

(3) whether a previous postconviction motion has been filed, and if so, how many;

(4) if a previous motion or motions have been filed, the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions;

(5) the nature of the relief sought;  and

(6) a brief statement of the facts (and other conditions) relied on in support of the motion.

Case 3:05-cr-30032-RCL    Document 68-2    Filed 10/06/2006    Page 2 of 2

This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.

**(d) Procedure; Evidentiary Hearing; Disposition.** On filing of a rule 3.850 motion, the clerk shall forward the motion and file to the court. If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order. Unless the motion, files, and records of the case conclusively show that the movant is entitled to no relief, the court shall order the state attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. The answer shall respond to the allegations of the motion. In addition it shall state whether the movant has used any other available state remedies including any other postconviction motion under this rule. The answer shall also state whether an evidentiary hearing was accorded the movant. If the motion has not been denied at a previous stage in the proceedings, the judge, after the answer is filed, shall determine whether an evidentiary hearing is required. If an evidentiary hearing is not required, the judge shall make appropriate disposition of the motion. If an evidentiary hearing is required, the court shall grant a prompt hearing thereon and shall cause notice thereof to be served on the state attorney, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the movant as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge or resentence the movant, grant a new trial, or correct the sentence as may appear appropriate.

**(e) Movant's Presence Not Required.** A court may entertain and determine the motion without requiring the production of the movant at the hearing.

**(f) Successive Motions.** A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

**(g) Appeal; Rehearing; Service on Movant.** An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus. All orders denying motions for postconviction relief shall include a statement that the movant has the right to appeal within 30 days of the rendition of the order. The movant may file a motion for rehearing of any order denying a motion under this rule within 15 days of the date of service of the order. The clerk of the court shall

promptly serve on the movant a copy of any order denying a motion for postconviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service.

**(h) Habeas Corpus.** An application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant's detention.

Amended Sept. 24, 1992, effective Jan. 1, 1993 (606 So.2d 227); Oct. 21, 1993, effective Jan. 1, 1994 (626 So.2d 198); effective May 27, 1999 (___ So.2d ___).

### Committee Notes

**1972 Amendment.** Same as prior rule. Former rule 3.860, previously deleted, now found in article 18, The Florida Bar Integration Rules.

**1977 Amendment.** Nothing has been taken from proposed rule 3.850. Additions have been made. The committee proceeded on the theory that generally the motions coming under the purview of the rule were filed by prisoners and will be considered ex parte.

The proposed amendment contemplates that in those cases where the trial court found the movant entitled to some relief, the state attorney would be noticed and given an opportunity to be heard. The rule further contemplates that if the appellate court reverses, it would do so with directions to conduct a hearing with notice to all parties.

(a), (b), (c), (d), (e)

The committee was of the opinion that the motion should contain the minimum prerequisites indicated in the lettered portions to permit the trial court to quickly ascertain whether or not the motion was entitled to consideration and, if not, provide for its return to the movant as unacceptable. This procedure is similar to federal rules dealing with postconviction motions.

The committee perceives that denial of a motion will either be based on the insufficiency of the motion itself or on the basis of the file or record which the trial court will have before it. The proposal provides for a simplified expeditious disposition of appeals in such cases. It is to be noted, however, that in those cases where the record is relied on as a basis for denial of the motion, it may in exceptional cases involve a substantial record, but the advantages of this procedure seem to justify coping with the unusual or exceptional case. It is the opinion of the committee that, in any order of denial based on the insufficiency of the motion or on the face of the record, trial courts will set forth specifically the basis of the court's ruling with sufficient specificity to delineate the issue for the benefit of appellate courts.

The committee thought that the provision permitting ex parte denial of a motion based on the face of the record was appropriate inasmuch as the movant was granted an opportunity for rehearing in which to point out any errors the court may have made, thus providing sufficient safeguards to ensure consideration of the prisoner's contentions.

court shall give the parties reasonable notice of the time set for the hearing.

### (d) Place of Hearing

A motion filed pursuant to this rule may be heard by the trial judge wherever he is then sitting.

**NOTE 1**    "[A] judge may not take into account conduct of the defendant that occurs subsequent to the original sentencing." *Commonwealth v. Barclay*, 424 Mass. 377, 380, 676 N.E.2d 1127, 1129 (1997).

**NOTE 2**    Judge can only "reconsider the sentence he has imposed and determine, in light of the facts as they existed *at the time of sentencing*, whether the sentence was just." *Commonwealth v. Layne*, 386 Mass. 291, 435 N.E.2d 356, 358 (1982) (emphasis in the original).

**NOTE 3**    "This sixty-day time period established in the rule is absolute and may not be extended. . . . Furthermore, . . ., the judge would not have had the authority to revise the sentence imposed by the Appellate Division. The order of the Appellate Division is final. See G.L. c. 278, § 28B." *Commonwealth v. Callahan*, 419 Mass. 306, 308–09, 644 N.E.2d 629, 630–31 (1995).

**NOTE 4**    A motion to revise and revoke must be heard within a reasonable time. Six years is unreasonable. *Commonwealth v. Barclay*, 424 Mass. 377, 380, 676 N.E.2d 1129 (1997).

**NOTE 5**    "By allowing a motion to revise and revoke sentences when the parole board does not act in accordance with a judge's expectations, the judge is interfering with the executive function. The judge cannot nullify the discretionary actions of the parole board." *Commonwealth v. Amirault*, 415 Mass. 112, 116–17, 612 N.E.2d 631 (1993) (footnote omitted).

**NOTE 6**    "If there is a finding of ineffective assistance of counsel based on counsel's failure to file in a timely manner, as he promised, a motion to revise and revoke sentence, the judge should vacate the sentence and reimpose it, thereby affording the defendant an opportunity to file timely a motion pursuant to Mass.R.Crim.P. 29(a) to revise the new sentence." *Commonwealth v. Stubbs*, 15 Mass.App.Ct. 955, 446 N.E.2d 96 (1983). *See also Commonwealth v. McNulty*, 42 Mass.App.Ct. 955, 956–57, 680 N.E.2d 129, 130–31 (1997).

**NOTE 7**    **Appeal.** "[W]e conclude that the order of the District Court judge that denied the defendant's motion to revise or revoke his sentence under rule 29 was immediately appealable." *Commonwealth v. Richards*, 44 Mass.App.Ct. 478, 481 & n.4, 691 N.E.2d 991, 993 & n.4 (1998) ("The better practice, of course, is for the defendant to file a motion for post-conviction relief pursuant to [Rule 30], and to take an appeal under subparagraph (e) (8) of that rule. It would be elevating form over substance, however, to hold that this is an exclusive remedy and that it is not open to the defendant to file an appeal directly from the denial of the motion to revise or revoke in order to correct an illegal sentence. In the future, therefore, a clerk should accept for filing a defendant's notice of appeal from a rule 29 order unless there is a rule 30 motion on file.") (citation omitted).

**NOTE 8**    **Increase of Sentence.** "There is no merit to the defendant's argument that the judge could not, in revising the sentences, increase their severity. Under Mass.R.Crim.P. 29 . . . a judge has the authority on his own motion to revoke and revise a sentence and increase its severity if it appears that justice may not have been done." *Commonwealth v. Carver*, 33 Mass.App.Ct. 378, 390, 600 N.E.2d 588, 596 (1992) (footnote and citations omitted).

**NOTE 9**    "One cannot file a motion to revise or revoke without stating the grounds on which it is based. Commonwealth v. DeJesus, 440 Mass. 147, 152, (2003)." *Commonwealth v. Fenton F.*, 442 Mass. 31, 39, (2004).

## Rule 30
## POST CONVICTION RELIEF
*(Applicable to District Court and Superior Court)*

### (a) Unlawful Restraint

Whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.

### (b) New Trial

The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law.

### (c) Post Conviction Procedure

(1) Service and Notice. The moving party shall serve the District Attorney with a copy of any motion filed under this rule; the moving party shall serve the Attorney General with a copy of any motion filed under subdivision (a) of this rule.

(2) Waiver. All grounds for relief claimed by a defendant under subdivisions (a) and (b) of this rule shall be raised by the defendant in his original or amended motion. Any grounds not so raised are waived unless the judge in his discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion.

(3) Affidavits. Each moving party shall file and serve and each party opposing a motion may file and serve affidavits where appropriate in support of his respective position. The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits.

(4) Discovery. Where affidavits filed by the moving party under subdivision (c)(3) establish a prima facie case for relief, the judge on motion of any party may authorize such discovery as is deemed appropriate and as would be available in civil cases, subject to appropriate protective order.

(5) Counsel. The judge in his discretion may assign or appoint counsel in accordance with the provisions of these rules to represent a defendant in the preparation and presentation of motions filed under subdivisions (a) and (b) of this rule.

(6) Presence of Moving Party. A judge may entertain and determine a motion under subdivisions (a) and (b) of this rule without requiring the presence of the moving party at the hearing.

(7) Place of Hearing. All motions under subdivision (a) and (b) of this rule may be heard by the trial judge wherever he is then sitting.

(8) Appeal. An appeal from a final order under this rule may be taken to the Appeals Court by either party.

(A) If an appeal is taken, the defendant shall not be discharged from custody pending final decision upon the



appeal; provided, however, that the defendant may, in the discretion of the judge, be admitted to bail pending decision of the appeal.

(B) If an appeal or application therefor is taken by the Commonwealth, upon written motion supported by affidavit, the Appeals Court or the Supreme Judicial Court may determine and approve payment to the defendant of his costs of appeal together with reasonable attorney's fees, if any, to be paid on the order of the trial court after entry of the rescript or the denial of the application. If the final order grants relief other than a discharge from custody, the trial court or the court in which the appeal is pending may, upon application by the Commonwealth, in its discretion, and upon such conditions as it deems just, stay the execution of the order pending final determination of the matter.

(9) Appeal Under G.L. c. 278, § 33E. If an appeal or application for leave to appeal is taken by the Commonwealth under the provisions of Chapter 278, Section 33E, upon written notice supported by affidavit, the Supreme Judicial Court may determine and approve payment to the defendant of his costs of appeal together with reasonable attorney's fees to be paid on order of the trial court after entry of the rescript or the denial of the application.

NOTE 1     General Rule. "The judge is to apply the standard set out in rule 30 'rigorously,' and may grant a motion to withdraw a guilty plea only if it appears that justice may not have been done. The motion is addressed to the sound discretion of the judge . . .

"As a general rule, a judge may decide a motion for a new trial based solely on affidavits, and additional testimony need not be heard. . . . However, when a defendant attacks a conviction based upon a guilty plea, she has the choice between two tactics. She may stand on the contemporaneous record, the record made in the case through the stage of the colloquy and conviction. If the defendant chooses this route, it is not open to the Commonwealth to introduce extraneous evidence tending to show that the defendant in fact acted freely and intelligently in tendering the plea. Alternatively, the defendant may offer extraneous evidence to supplement (or contradict) the record, but in that event the Commonwealth has a like right to offer evidence."
Commonwealth v. Conaghan, 48 Mass.App.Ct. 304, 308–09, 720 N.E.2d 48 (1999).

NOTE 2     Voluntariness. "Where a defendant wishing to withdraw a guilty plea challenges the voluntary or intelligent nature of his plea, it is ordinarily the Commonwealth's burden to show by means of a contemporaneous or reconstructed record of the plea that it was entered understandably and voluntarily. . . . The concept of voluntariness requires that the defendant tender the plea free from coercion, duress, or improper inducements. To determine the voluntariness of the defendant's plea, the judge should conduct a real probe of the defendant's mind. The judge should also determine whether the plea was being extracted from the defendant under undue pressure, whether the defendant was being treated for or was aware of any mental illness from which he may be suffering, and whether the defendant was under the influence of alcohol or drugs." Commonwealth v. Conaghan, 48 Mass.App.Ct. 304, 314–15, 720 N.E.2d 48 (1999) (citation, quotation and punctuation marks omitted).

NOTE 3     Issue Resurrection. "In opposing the allowance of a new trial motion, the Commonwealth should remind the judge of the consequences of considering an issue on its merits that the defendant reasonably could have raised at or before trial but did not. The judge should recognize that, unless the asserted error concerns a manifest injustice or created a substantial risk of a miscarriage of justice, she has wide discretion whether to consider any new trial issue fully on its merits. A motion judge's determination only that an asserted error created no such injustice would not

resurrect an issue because the issue would not have been considered fully on its substantive merits.

"We conclude, according to long-standing practice, that any issue argued in the appeal from the denial of the defendant's motion for a new trial that the motion judge fully addressed on its mentis must be considered as if properly preserved for direct appeal." Commonwealth v. Hallet, 427 Mass. 552, 555, 694 N.E.2d 845, 847 (1998).

NOTE 4     "It is a very uphill battle for a party to establish that a judge acting on a motion for a new trial abused his discretion. Appellate courts give great deference to the judge's disposition of such a motion and rarely reverse." Commonwealth v. Hammond, 50 Mass.App.Ct. 171, 178, 736 N.E.2d 398, 404 (2000).

NOTE 5     Evidentiary Hearing. "A judge may rule on a motion for a new trial without an evidentiary hearing if no substantial issue is raised by the motion or accompanying affidavits." Commonwealth v. Vinton, 432 Mass. 180, 183 n.2, 733 N.E.2d 55, 59 n.2 (2000).

## Rule 31
## STAY OF EXECUTION; RELIEF PENDING REVIEW
*(Applicable to Superior Court and de novo trials in District Court)*

### (a) Imprisonment
If a sentence of imprisonment is imposed upon conviction of a crime, the entry of an appeal shall not stay the execution of the sentence unless the judge imposing it or a judge of the Supreme Judicial Court or the Appeals Court determines in his discretion that execution of said sentence shall be stayed pending the final determination of the appeal. If execution of a sentence of imprisonment is stayed, the judge may at that time make an order relative to the custody of the defendant or for admitting him to bail.

### (b) Fine
If a reservation, filing, or entry of an appeal is made following a sentence to pay a fine or fine and costs, the sentence shall be stayed by the judge imposing it or a judge of the Supreme Judicial Court or the Appeals Court if there is a diligent perfection of appeal.

### (c) Probation or Suspended Sentence
An order placing a defendant on probation or suspending a sentence may be stayed if an appeal is taken.

## Rule 32
## FILING AND SERVICE OF PAPERS
*(Applicable to District Court and Superior Court)*

### (a) Service: When Required
Written motions other than those which are heard ex parte, written notices, and similar papers shall be served upon each of the parties.

### (b) Service: How Made
Whenever under these rules or by order of court service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney, unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made in the manner provided for in civil actions.