UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| vs. | ) | NO. 05-30032 |
| | ) | |
| LUIS RIVERA | ) | |


### DEFENDANT'S REQUEST FOR APPLICATION OF THE "SAFETY VALVE"

Now comes the defendant and respectfully requests this Honorable Court apply the "Safety Valve" in order for the defendant to be free from application of any minimum mandatory sentencing provisions. The defendant states he has satisfied all requirements of the "Safety Valve" and anticipates no objection from the Government regarding this satisfaction except for his Criminal History score as noted in the Presentence Report. Under the "Safety Valve" the defendant can have no more than 1 Criminal History point and he was scored with 6 points (5 points all being attributable to an alleged conviction from the state of Florida for possession of cocaine.) The defendant states if the Florida conviction is not counted, the defendant will score with 1 Criminal history point making him "Safety Valve" eligible.

The defendant asserts the Government must affirmatively show any conviction which would prevent application of the "Safety Valve" would qualify as an actual conviction for purposes of enhancing guidelines. The defendant further states it is for the Government to prove identity of the defendant as being the person who was convicted in Florida and he was represented by counsel. Custis v. United States, 511 U.S. 485 (1994)(prior conviction not counted towards Armed Career Criminal application if conviction obtained in violation of right to counsel).  The First Circuit has extended the main holdings in Custis to the guidelines. See Brackett v. United States, 270 F.3rd 60 (1st Cir. 2001), Mateo v. United States, 398 F.3rd 126 (1st Cir. 2005). The defendant asserts the Presentence Report is the only document submitted to the court relative to the Florida offense and it simply states the defendant was "represented by counsel." The case description details proceedings which included a description of original conviction and several Violation of Probation Hearings. There is no indication as to whether the representation by counsel, asserted in the Presentence Report, applies to a Violation of Probation or the original conviction. The defendant does not waive his right to have the Government prove

identity to the prior conviction, but is making no affirmative representation that the identification of him in the Presentence Report is incorrect.

If the court finds the Government has shown the Florida conviction should be counted, the defendant has filed a motion requesting a Hearing on the constitutionality of said conviction.

Respectfully submitted,

THE DEFENDANT

BY: /s/ Mark G. Mastroianni

95 State Street - Suite #309

Springfield, MA 01103

(413) 732-0222

BBO# 556084

CERTIFICATE OF SERVICE

I, Mark G. Mastroianni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to AUSA Paul Smyth, US Attorney's Office, 1550 Main Street, Springfield, MA 01103 this 6 day of October 2006.

/s/ Mark G. Mastroianni