```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
                   _____

               No. 05-30032-03-RCL
                   _____

              UNITED STATE OF AMERICA

                        v.

                   LUIS RIVERA
                    Defendant
                   _____
```

### MOTION FOR REDUCTION OF SENTENCE

The defendant Luis Rivera moves the court for an order reducing his sentence from 37 months to 24 months, or time served, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

**A.   Eligibility for Sentence Modification**

   **1.   Background**

A grand jury returned an indictment on June 9, 2005 charging the defendant with two counts – conspiracy to possession with intent to distribute cocaine base and possession with intent to distribute cocaine base – stemming from a single drug transaction on March 29, 2005. On May 3, 2006, the defendant pled guilty to both counts.  On October 26, 2006, he was sentenced to a term of imprisonment of 37 months, with a five-year term of supervised release to follow.  That sentence was arrived at by starting with level 26 for 7.6 grams of cocaine base, deducting two levels for minor role, deducting two levels for safety valve, and deducting three levels for acceptance of responsibility, for a total offense level of 19. The applicable guidelines sentencing range ("GSR") was

30 to 37 months (based on a total offense level of 19 and a criminal history category of I).

The defendant now is incarcerated at FCI Fort Dix in New Jersey. He has completed the 500 hour residential drug abuse program.[1] He has a current release date of December 19, 2008, according to the Bureau of Prisons web site. He is eligible for a reduced sentence under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10.

2.  **The Governing Law**

Section 3582(c)(2) of Title 18 of the United States Code provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of § 1B1.10,

---

[1] The defendant informs counsel that he is only receiving a reduction in his sentence for completing the RDAP program of 1-1/2 months.

which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised § 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.

3

The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels in § 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38

to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

### 3.  The Defendant is Eligible for a Sentence Reduction

Amendment 706 reduced the GSR applicable to the defendant. Therefore, the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 24, pursuant to amended § 2D1.1.[2/] Once this is reduced two levels for minor role, two levels for safety valve, and three levels for acceptance of responsibility, the revised total offense level is 17. At the established criminal history category of I, this results in a GSR of 24 to 30 months. This is a reduction from the previously applied GSR of 30 to 37 months.

---

[2/]  The defendant's sentence was based on a total of 7.6 grams of cocaine base, which results in a reduced base offense level of 24.

5

**B.    The Defendant's Sentencing Recommendation**

The defendant recommends imposition of a 24-month term of incarceration, or time served, with a five-year term of supervised release to follow (with the same mandatory, standard, and special conditions of supervised release as were previously imposed). The proposed sentence is at the low end of the revised GSR and is appropriate given that the defendant has successfully completed the RDAP program in the BOP. The defendant has attached a Proposed Order hereto, reciting the above described calculations, and stating that the new sentence is "time served." This wording is important, because otherwise, the Bureau of Prisons will take several days to re-calculate his sentence, and he would clearly be entitled to immediate release. (The defendant has been in custody since April 14, 2006, according to the Presentence Report and the docket sheet; with good time, the defendant would serve no more than 21 months on a 24 month sentence.)

**C.    There is No Need for the Defendant's Presence at a Sentence Modification Hearing**

The defendant does not need to be present for his sentence modification hearing, since the travel to Massachusetts would disrupt his programming in the prison in New Jersey, and since he will be eligible for immediate release if this motion is granted.

>                               Respectfully submitted
>                               The defendant Luis Rivera
>                               By his counsel
>
>
>                               /s/ Charles W. Rankin
>                               _____
>                               Charles W. Rankin
>                               BBO No. 411780
>                               Rankin & Sultan
>                               151 Merrimac St.
>                               Boston, MA 02114
>                               (617) 720-0011

**CERTIFICATE OF SERVICE**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on March 12, 2008.

>                               /s/ Charles W. Rankin
>                               _____
>                               Charles W. Rankin

AO 247 (02/08)   Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

_____ District of __MASSACHUSETTS__

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| **LUIS RIVERA** ) | Case No: **05-30032-03-RCL** |
| ) | USM No: **90872-038** |
| Date of Previous Judgment: **October 31, 2006** ) | **Charles W. Rankin** |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
  ☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of __37 months__ months is reduced to __time served__.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)
Previous Offense Level: __19__   Amended Offense Level: __17__
Criminal History Category: __I__   Criminal History Category: __I__
Previous Guideline Range: __30__ to __37__ months   Amended Guideline Range: __24__ to __30__ months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**
☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ Other (explain):

**III. ADDITIONAL COMMENTS**

Except as provided above, all provisions of the judgment dated __October 31, 2006__ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: _____       _____
                                                                                   Judge's signature

Effective Date: _____       _____
  (if different from order date)                              Printed name and title